UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN HOLDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 3:21-cv-41** |
| | ) | |
| **ALCOA USA CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     This is an action brought by Plaintiff, Brian Holder ("Holder"), by counsel, against Defendant, Alcoa USA Corp, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

### II. PARTIES

2.     Holder is a citizen of the United States and the Commonwealth of Kentucky.

3.     Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3), and 29 U.S.C. §2617(a)(2).

5.     Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b) and 29 U.S.C. §2611(4).

6.     At all times relevant to this action, Holder was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7.     Holder, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.     Holder exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. Factual Allegations

10.     Holder was hired by the Defendant in or about April 2007 and worked most recently as an Ingot Supervisor.

11.     At all times relevant, Holder met or exceeded Defendant's legitimate performance expectations.

12.     Holder had no issues during his employment tenure until he was promoted to Interim Area Coordinator in or about July 2019. Upon taking the position, Holder was instructed that there were supervisors that needed to be held accountable.

On his first day in the position, Holder had to discipline a female supervisor, Kimmie Scott ("Scott"), and send her home from work.   In retaliation, Scott and another supervisor, Kent Rich (Rich"), colluded to leave work at the same time so there would be no supervisor and would create problems for Holder. The Defendant figured out about the collusion – Rich was fired, Scott was not.

13.     Next, Scott filed a false report that Holder was discriminating against her due to her sexual orientation and because she had a bi-racial child. Scott did the same to the previous Area Coordinator. Holder was cleared of any alleged wrongdoing.

14.     Another female supervisor, Kat Dietrich ("Dietrich"), was friends with Scott. Dietrich had work performance issues. In or about September 2019, Dietrich came to Holder's office and screamed at him. Holder sent her home from work. In turn, Dietrich filed a complaint with HR. Due to the complaint, Holder was suspended for 2 days because he was told he should have "deescalated the situation" but Dietrich was not disciplined. When Holder returned to work, the news of his suspension had been told to everyone.

15.     Due to a serious health condition, Holder went out on a continuous FMLA leave for approximately two weeks in September 2019 and also was approved for intermittent FMLA leave.

16.     While on leave, Holder was demoted back to supervisor and was required to work with Scott and Dietrich.

17.     In addition to Scott and Dietrich, a third female supervisor with whom they were friends, Michelle Hardin ("Hardin"), would harass Holder. Holder was informed by a female co-worker that Scott, Dietrich and Hardin were out to get him fired.

18.     Starting on or about October 30, 2019, Holder requested the Defendant transfer him from his harassers. Nothing was done and the harassment continued.

19.     On or about December 9, 2019, Holder was being harassed by Hardin. Holder engaged in a protected activity and sent an email complaining about the harassment and work environment.

20.     On or about December 19, 2019, Holder was terminated. The reason given for his termination is pretext for discrimination and/or retaliation for having engaged in a protected activity and/or for having used leave under the FMLA.

21.     Importantly, about 12 months prior to his termination, Jill Mruk ("Mruk") was made Casting Superintendent. Mruk made it known that she was going to make Defendant's supervisory workforce an even split between males and females. To Holder's knowledge, all of Mruk's hires have been females – at least 5 or 6 hires. Holder's previous supervisor, Wayne Wallace, was replaced by Emily Ciscelle and Holder was replaced by Carla Green. Finally, Hardin and Scott have both been promoted since Holder's termination.

## V. Legal Allegations

### Count I – Sex Discrimination

22.     Paragraphs one (1) through twenty-one (21) of Holder's Complaint are hereby incorporated.

23.     Defendant violated Holder's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* by subjecting him to disparate treatment, a hostile work environment, and terminating his employment because of his sex.

24.     Defendant's actions were intentional, willful and in reckless disregard of Holder's rights as protected by the ADA.

25.     Holder has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II: Title VII Retaliation

26.     Paragraphs one (1) through twenty-five (25) of Holder's Complaint are hereby incorporated.

27.     Defendant violated Holder's rights by retaliating against him for engaging in a protected activity.

28.     Defendant's actions were intentional, willful, and in reckless disregard of Holder's rights as protected by Title VII.

29.     Holder suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA INTERFERENCE/RETALIATION

30.     Paragraphs one (1) through twenty-nine (29) of Holder's Complaint are hereby incorporated.

31.      Defendant unlawfully interfered with and retaliated against Holder for his use of leave under the FMLA.

32.     Defendant's actions were intentional, willful, and in reckless disregard of Holder's rights as protected by the FMLA.

33.     Holder suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Brian Holder, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4.     Pay to Plaintiff liquidated damages;

5.     Pay to Plaintiff punitive damages;

6.     Pay to Plaintiff pre- and post-judgment interest;

6

7.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Brian Holder*

## DEMAND FOR JURY TRIAL

The Plaintiff, Brian Holder, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Brian Holder*